# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONIA SCOTT, : | |
| : | |
| **Plaintiff** : | CIVIL ACTION NO. 3:16-0341 |
| : | |
| v. : | |
| : | (JUDGE MANNION) |
| CHRISTOPHER HARTMAN, et al., : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

Pending before the court is a complaint filed by *pro se* plaintiff Tonia Scott seeking damages for injuries she sustained in a motor vehicle accident that occurred in Brooklyn, New York over 15 years ago. For the following reasons, the complaint will be **DISMISSED** as time barred and for improper venue. Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), will be **GRANTED**.[1]

## I. BACKGROUND

On February 24, 2016, plaintiff Scott, a resident of Bushkill, Pennsylvania, filed her complaint against Christopher Hartman, President of International Operations for Allegis Group, Inc. ("Allegis"), and Andrew D.

---

[1] Plaintiff Scott indicates in her *in forma pauperis* motion that she owns her home located at 4110 Winchester Way, Bushkill, PA, but she does not state whether she has any equity in her home. Thus, her motion is inadequate. Nonetheless, in the court's discretion, the motion will be granted for present purposes only.

Roscoe, Chief Executive Officer for Baran Telecom, Inc. ("Baran"). Hartman is located in Hanover, Maryland, and Roscoe is located in Cumming, Georgia. Plaintiff indicates that this court has diversity jurisdiction over her action pursuant to 28 U.S.C. §1332. Plaintiff alleges that in 2001 she was employed as a design engineer supervisor by Tek Systems, a subsidiary of Allegis, which was a technical staffing company, and that Baran contracted with Allegis to have her perform work for it. On August 22, 2001, during the course of her employment, plaintiff was a passenger in a motor vehicle driven by Rodney Sharp, an employee of Baran, in Brooklyn, New York. At noon that day, plaintiff alleges that Sharp negligently collided with a motor vehicle driven by Thomas Ferranti while Sharp was making an illegal U-turn. Sharp was acting with the scope of his employment with Baran at the time of the accident.

Plaintiff alleges that as a result of the accident, she sustained "grave injuries", including permanent damage to her cervical and lumbar back. Plaintiff alleges that she was classified as partially disabled due to her injuries. She attached to her complaint copies of medical records for treatment she received from the August 2001 accident as well as workers' compensation records from the New York State Workers Compensation Board. Plaintiff received lost wages from Allegis' insurance carrier and she applied for New York State workers' compensation benefits. In October 2004, plaintiff alleges that she was found to be totally disabled regarding her job as

a design engineer supervisor.

Plaintiff alleges that she has not received monetary compensation from defendants in 15 years since the accident and that her medical treatment ended six years ago. She alleges that "both defendants willfully, wantonly and intentionally failed to compensate [her]." Plaintiff states that she is seeking monetary compensation in the amount of $20 million, "in tungsten-free 99% pure silver and gold coins", from defendants for her permanent injuries incurred from the August 2001 accident.

**II.     DISCUSSION**

To date, plaintiff's complaint has not been served on any defendant. In cases where the plaintiff has *in forma pauperis* status, Section 1915 of the United States Code, 28 U.S.C. §1915, requires the court to dismiss a plaintiff's case if, at any time, the court determines that the action is, "frivolous or malicious" or "fails to state a claim on which relief may be granted." §1915(e)(2)(B). *See* McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604 (3d Cir. 2009) (Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners); Grayson v. Mayview State Hosp., 293 F3d 103, 110 n. 10 (3d Cir. 2002). The court will dismiss plaintiff's case since it lacks venue and since it is time barred.

As stated, plaintiff indicates that this court has diversity jurisdiction over her action under §1332. However, venue is improper in this court as to the

accident pursuant to 28 U.S.C. §1391(a) since plaintiff is a resident of Pennsylvania, no defendant is a resident of Pennsylvania, and all of the events or omissions giving rise to her claims occurred in Kings County, New York.

Venue for actions brought under §1332 is governed by 28 U.S.C. §1391(b). Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Since the incident complained as against defendants emanate from Kings County, New York and defendants are not residents of Pennsylvania, venue appears to have been appropriate in the Eastern District of New York, not in the Middle District of Pennsylvania.

"A District Court is granted discretion to sua sponte transfer cases by 28 U.S.C. §1404(a), which provides in relevant part that '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.'" Wright v. Pa. DOC, 2015 WL 401685, *2 (W.D.Pa. Jan. 28, 2015) (citations omitted). Section 1406(a) provides "[t]he district court of a district in

which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Section 1406, ..., applies where the original venue is improper and provides for either transfer or dismissal of the case." Jumara v. State Farm Ins. Co ., 55 F.3d 873, 878 (3d Cir. 1995). The original venue in the instant case is improper in this court as to defendants. However, the court will not transfer plaintiff's case to the proper venue under §1406(a) since it would not be in the interest of justice as her case is time barred.

"A complaint may properly be dismissed for failure to state a claim on statute of limitations grounds if the untimeliness of the complaint is apparent on its face." Bamigbade v. State Farm Mut. Auto. Ins. Co., 391 Fed.Appx. 131, 133 (3d Cir. 2010) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 1 (3d Cir.1994)). Since the accident in which plaintiff was injured occurred in New York, the applicable statute of limitations is that governing personal injury claims in New York. Id. New York has a three-year statute of limitations for personal injury actions. *See* Dagliano v. Eli Lilly, Pharm. Drug Co., 538 Fed.Appx. 110 (2d Cir. 2013) (citing N.Y. C.P.L.R. 214(5)). Also, under New York law, "a cause of action [in tort cases] accrues at the time and in the place of the injury." Id. (quoting Global Fin. Corp. v. Triarc Corp., 93 N.Y.2d 525, 529, 693 N.Y.S.2d 479, 715 N.E.2d 482 (1999)). Plaintiff's allegation and her exhibits demonstrate that she was well-aware of

5

her claim at the time the accident occurred.

It is clear from the face of plaintiff's complaint seeking damages for injuries sustained in a New York motor vehicle accident over 15 years ago that the applicable statute of limitations has long expired. Thus, plaintiff's complaint will be dismissed with prejudice.

### III.   CONCLUSION

Therefore, plaintiff's complaint, (Doc. 1), is **DISMISSED** based upon improper venue, and as time barred. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 7, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0341-01.wpd